IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN DENNIS and CHARLES BERRY,
Special Administrator of the Estate of
Juanita Dennis, individually and as assignees
of The Circle K Corporation,

       Plaintiffs,

v.                                         No.. CIV-05-611 MV-ACT

MEAD REINSURANCE CORPORATION,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant MidStates ReInsurance Corporation's (formerly known as Mead ReInsurance Corporation) Motion and Memorandum of Law in Support of Defendant's Motion to Set Aside Default Judgment (Doc. No. 13, filed May 3, 2007). For the reasons given below, the Court will **GRANT** the Motion to Set Aside Default Judgment. The Court will **DENY as moot** the Unopposed Motion for Stipulated Order Regarding Execution on Default Judgment (Doc. No. 14, filed May 8, 2007) and the Motion and Memorandum of Law to Strike Portions of the Affidavit of Michael Antonoff, or Alternatively, for Limited Discovery and an Evidentiary Hearing Regarding Plaintiffs' Service on MidStates (Doc. No. 19, filed July 9, 2007).

**Background**

Plaintiffs filed their Complaint (Doc. No. 1) on June 2, 2005. The Return of Service (Doc. No. 3, filed September 28, 2005) indicates that the summons and Complaint was served on July 22, 2005. On October 6, 2005, Plaintiffs filed a motion for default judgment (Doc. No. 4). On

November 3, 2005, the Court entered its Default Judgment (Doc. No. 9) against Defendant in the amount of $1,682,413.38, plus interest from date of judgment and costs as provided by law.

**Motion to Set Aside Default Judgment**

Defendant asks the Court to set aside the Default Judgment. Defendant argues that there is good cause for setting aside the entry of default because Plaintiffs never properly served Defendant. (Motion at 4). Consequently, Defendant argues, the default judgment is void and should be set aside under Rule 60(b). The Court agrees.

Default judgments are not favored by courts. *Katson Bros., Inc. v. U.S. Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988). A court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) provides that on motion and just terms, the Court may relieve a party from a judgment for the following reasons: the judgment is void or "any other reason that justifies relief."

"[A] judgment entered without notice or service is constitutionally infirm." *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84 (1988) (fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections). "If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) (If judgment is void, the court has no discretion and must grant relief); *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953, F.2d 21, 23 (1st Cir. 1992) (Default judgment entered by a court which lacks personal jurisdiction over the defendant is void). Unless service is waived, proof of service must be made

to the court. Fed. R. Civ. P. 4(l). Failure to prove service does not affect the validity of service and the court may permit proof of service to be amended. Fed. R. Civ. P. 4(m).

Defendant contends that Plaintiffs did not properly serve Defendant. The Return of Service indicates that the server, Michael Antonoff, served the summons and complaint on "Linda Stamps, Corporate Officer" on July 22, 2005. The return of service does not indicate the address at which the server served Defendant but the summons filed with the return of service indicates Defendant's address as 3495 Newmark Drive, Miamisburg, OH 45342. Defendant supports its contention that it was not properly served with the affidavit of Roya Vary, Vice President and Chief Financial Officer of Defendant (Doc. No. 13-2, filed May 3, 2007). The Vary Affidavit states that Linda Stamps was never an employee of Defendant, nor a corporate officer, managing/general agent, or special agent. The Vary Affidavit also states that Plaintiffs could not have served Defendant in July 2005 at 3495 Newmark Drive because Defendant had relocated to 10560 Success Lane, Suite A, Washington Township, OH 45458 on September 13, 2004.

Plaintiffs respond that they personally served Defendant at the correct address, 10560 Success Lane, Suite A in Washington Township on August 1, 2005. (Response at 2-3). Plaintiffs support their Response with the affidavit of the process server, Michael Antonoff. Attached to Mr. Antonoff's affidavit is the first return of service he executed which indicates he served "Linda Stamps, Corporate Officer," on July 22 at the Success Lane address in Washington Township. Mr. Antonoff indicates that he later submitted a second return of service at the request of Plaintiffs' attorney using Plaintiffs' attorney's return of service form. Plaintiffs state that the second return of service, which was filed with the Court, erroneously indicates that service occurred on July 22 when service actually occurred on August 1. (Response at 3). In their Response, filed June 22, 2007,

3

Plaintiffs stated they would "shortly be filing an Amended return of service to support the prior service." (Response at 3). The Court's review of the docket shows that Plaintiffs have not filed an amended return of service.

Plaintiffs argue that service was valid because the process server, in his affidavit, stated he usually "ask[s] the person who [he] is serving whether they are an employee, corporate officer, or otherwise authorized to receive a summons and complaint" and "would not have served the summons and complaint on a person who was not an employee, corporate officer, or otherwise authorized to receive a summons and complaint." Plaintiffs do not provide any information regarding whether or how the server identified Linda Stamps as a corporate officer for Defendant. *See Rivera v. Bank One*, 145 F.R.D. 614, 626 (D. P.R. 1993) (affidavit by process server that individual served claimed authorization to accept service did not render service valid). Nor do Plaintiffs provide any information that Linda Stamps is an agent authorized to receive service of process on behalf of Defendant. *See Boltes v. Entex*, 158 F.R.D. 110, 111-113 (S.D. Tex. 1994 (service of process on non-agent renders service invalid). Plaintiffs have failed to comply with Rule 4(h)(1) of the Federal Rules of Civil Procedure in that Linda Stamps is neither an officer, a managing or general agent of Defendant, nor has been appointed or authorized to receive service of process on behalf of Defendant.

The Court concludes it lacks jurisdiction over Defendant because of insufficient service of process. Consequently, the Default Judgment is void. The Court will set the Default Judgment (Doc. No. 9, filed November 3, 2005) aside.

**Motion Regarding Execution on Default Judgment**

Defendant filed its Unopposed Motion for Stipulated Order Regarding Execution on Default Judgment (Doc. No. 14, filed May 8, 2007) to protect Defendant from execution on the Default Judgment pending the Court's determination of Defendant's Motion to Set Aside Default Judgment. The Court, having set aside its Default Judgment, will deny Defendant's Unopposed Motion for Stipulated Order Regarding Execution on Default Judgment (Doc. No. 14, filed May 8, 2007) as moot.

**Motion to Strike Portions of Antonoff Affidavit**

Defendant filed its Motion and Memorandum of Law to Strike Portions of the Affidavit of Michael Antonoff, or Alternatively, for Limited Discovery and an Evidentiary Hearing Regarding Plaintiffs' Service on MidStates (Doc. No. 19) on July 9, 2007. Plaintiffs filed the Antonoff Affidavit (Doc. No. 18-2, filed June 22, 2007) as an exhibit in support of their Response to Defendant's Motion to Set Aside Default Judgment. The Court, having set aside its Default Judgment, will deny Defendant's Motion and Memorandum of Law to Strike Portions of the Affidavit of Michael Antonoff, or Alternatively, for Limited Discovery and an Evidentiary Hearing Regarding Plaintiffs' Service on MidStates (Doc. No. 19, filed July 9, 2007) as moot.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2008.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiffs*

Richard J. Valle
8012 Pennsylvania Cir., NE
Albuquerque, NM 87110

*Attorney for Defendant*

M. Eliza Stewart
201 Third Street, NW, Suite 1600
Albuquerque, NM 87102